UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANICE D. TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-00109-JRS-DML ) |
| AMCDC, LISA HARVEY, | ) ) ) ) |
| Defendants. | ) |

**Entry on Defendants' Motion to Dismiss**

Plaintiff Janice Taylor ("Plaintiff") invokes the Court's federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a), alleging claims against Defendants Auntie Mame's Child Development Center ("AMCDC") and Lisa Harvey (collectively with AMCDC, "Defendants") for unlawful discrimination and retaliation under federal law. After carefully considering the complaint, motion, response, and reply, the Court concludes that the complaint should be dismissed, and the Plaintiff shall have the opportunity to file an amended complaint.

## I. Background

On January 12, 2018, Plaintiff filed her complaint, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), "Equal rights under the law," 42 U.S.C. § 1981 ("Section 1981"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, and the Equal Pay Act ("EPA"), 29 U.S.C. § 206.

1

Plaintiff alleges that AMCDC wrongfully terminated her employment in November 2016 in retaliation for Plaintiff's request for a reasonable accommodation for her disability, which request AMCDC denied. ([ECF No. 1-1 at 2](#).) Plaintiff also alleges that Defendant Lisa Harvey "treated [Plaintiff] differently because of [Plaintiff's] age." ([ECF No. 1-1 at 2](#).)

Several months after her termination, Plaintiff filed an Equal Employment Opportunity ("EEOC") Charge of Discrimination ("Charge") (Charge No. 470-2017-01810) against Defendants, checking only the boxes for "Retaliation," "Age," and "Disability" as the bases of her Charge. ([ECF No. 1-1 at 2](#).) On August 31, 2017, the EEOC issued Plaintiff a "Notice of Suit Rights" ("Notice"), informing her that she must file any lawsuit "within 90 days" of her receipt of the Notice, or her right to sue based on the Charge would be lost. ([ECF No. 1-1 at 1](#).) Plaintiff received this Notice on September 2, 2017 and filed her complaint on January 12, 2018. ([ECF No. 1 at 2](#).)

## II. Legal Standard

To state a cognizable claim under the federal notice pleading system, the complaint must contain a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief[.]" [Fed. R. Civ. P. 8(a)(2)](#). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *[Bravo v. Midland Credit Mgmt., Inc.](#),* 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *[Bell Atl. Corp. v. Twombly,](#)* 550 U.S. 544, 555 (2007); *[Ashcroft v. Iqbal,](#)* 556 U.S. 662, 678

(2009)). A complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A complaint will likely be found sufficient under the plausibility requirement if it gives "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Alternatively, a plaintiff's claim will be found insufficient if she "plead[s] facts that show that [s]he has no legal claim." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). When evaluating the sufficiency of a complaint for the purposes of a Motion to Dismiss, the Court must "construe [the complaint] in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the non-movant's] favor." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Pro se complaints such as that filed by the Plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### III. ADEA, ADA, and Title VII claims

Defendants move to dismiss Plaintiff's ADEA and ADA claims, arguing that the claims are time-barred. (ECF No. 13 at 5-6.) Defendants also move to dismiss

3

Plaintiff's Title VII retaliation claim, arguing that Plaintiff failed to exhaust her administrative remedies with respect to that claim. It is unclear from the complaint whether Plaintiff alleges disability-based retaliation or Title VII protected activity retaliation. However, in her EEOC Charge, Plaintiff checked the box for "Retaliation," and alleges that she was retaliated against "for requesting an accommodation [for her disability]." ([ECF No. 1-1 at 2.](#)) Conversely, Plaintiff fails to mention her race or any other Title VII protected activity in her EEOC Charge or in her complaint. Plaintiff also failed to check any of the "Race," "Color," "Sex," "Religion," or "National Origin" boxes on her EEOC Charge. In addition, the EEOC's acknowledgement receipt for Plaintiff's Charge, dated May 3, 2017, expressly informed Plaintiff that "[t]he information provided indicates that the charge is subject to" the ADEA and the ADA alone. (ECF No. 1-1 at 3.) Plaintiff did not dispute this acknowledgment. Therefore, the Court finds that Plaintiff does not complain of any conduct prohibited by Title VII and Plaintiff's allegations of retaliation are properly construed as an ADA claim.

Moreover, Plaintiff failed to address or even respond to Defendants' arguments in support of dismissing her Title VII claim. While this is enough to support dismissal of the claim, *see Burton v. City of Franklin*, 2011 WL 2938029, at *2 (S.D. Ind. July 18, 2011) (citing *Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 480 (7th Cir. 2010)); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) ("[Plaintiff] forfeited [the] opportunity to oppose the defendants' motions to dismiss by failing to respond to the arguments in support of those motions."), it also supports the

4

conclusion that Plaintiff did not have or make such a claim. If Plaintiff did mean to make out a claim under Title VII, however, such a claim would either be barred for Plaintiff's failure to exhaust her administrative remedies, or for her failure to timely file the lawsuit. The Court therefore incorporates Plaintiff's retaliation claim into her ADA claim. For any of the foregoing reasons, Plaintiff's Title VII claim is **DISMISSED with prejudice**.

Turning then to Plaintiff's ADEA and ADA claims—including her mislabeled retaliation claim—they are time-barred. The timely filing of an EEOC charge is "not a jurisdictional prerequisite to filing a federal lawsuit, but rather, is more akin to a statute of limitations and subject to . . . equitable tolling under appropriate circumstances." *Day v. Lincoln Ins. Agency, Inc.*, 1 F. App'x 521, 523 (7th Cir. 2001); *See also Hentosh v. Herman M. Finch Univ. of Health Sciences*, 167 F.3d 1170, 1174 (7th Cir. 1999) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). A plaintiff has 90 days from receipt of the EEOC's "Dismissal and Notice of the Right to Sue" to file a complaint with the appropriate court. 42 U.S.C. § 2000e–5. The 90 days begins to run when the plaintiff or her attorney has actual receipt of the Notice. *Thread-gill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). A complaint filed after the 90 days is time-barred and subject to dismissal. *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). "Equitable tolling applies when a plaintiff, despite the exercise of due diligence and through no fault of [her] own, cannot determine information essential to bringing a complaint." *Ashafa v. City of*

*Chicago*, 146 F.3d 459, 463 (7th Cir. 1998) (internal quotations and citation omitted); *see also Hamilton v. Komatsu Dresser Indus., Inc.*, 964 F.2d 600, 605 (7th Cir. 1992).

In her response to Defendants' motion, Plaintiff argues that her ADA and ADEA claims were timely filed, maintaining that "weekends and holidays" should not be counted in the 90-day computation. (ECF No. 16 at 1.) But "90 days" means 90 days as computed under the Federal Rules of Civil Procedure, so computations of time require the "inclusion of weekends and holidays in a 90-day period." *Grzanecki v. Bravo Cucina Italiana*, 408 Fed.Appx. 993, 996 (7th Cir. 2011). Plaintiff alleges that she received the EEOC Notice of Suit Rights on September 2, 2017. (ECF No. 1 at 2.) Accordingly, Plaintiff's ADEA and ADA claims would be timely only if filed on or before December 1, 2017. Plaintiff filed this lawsuit on January 12, 2018—over one month after the deadline to file had passed.

The only way Plaintiff could overcome her late filing and maintain her ADEA and ADA claims is if some basis existed for equitably tolling the 90-day limitations period, but Plaintiff offers no basis for equitable tolling. As such, Plaintiff's ADEA and ADA claims are time-barred, and these claims are **DISMISSED with prejudice**.

### IV. EPA and Section 1981 claims

Defendants argue that Plaintiff's Section 1981 and EPA claims should be dismissed pursuant to Rule 12(b)(6) because Plaintiff failed to state a plausible claim for relief with respect to these claims. Plaintiff's complaint was hand-filed on one of the Court's *pro se* form complaints, titled "Employment Discrimination Complaint." (ECF No. 1 at 1-2.) Under the pre-printed subsection of this form, which states, "[t]his

complaint is brought pursuant to:", Plaintiff checked the boxes for the ADEA, the ADA, Title VII, the Equal Pay Act, and "Equal rights under the law," (42 U.S.C. § 1981). (ECF No. 1 at 1-2.) However, as was the case with respect to her Title VII claim discussed above, the narrative of Plaintiff's complaint fails to allege any facts in support of the EPA and Section 1981 claims.

To state a discrimination claim under Section 1981, the plaintiff must sufficiently allege the following: "(1) [she is a member] of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Morris v. Office Max*, 89 F.3d 411, 413 (7th Cir. 1996); *see also* 42 U.S.C. § 1981(a)-(c). Here, Plaintiff neither alleges that she was discriminated against because of her race, nor alleges that she is even a member of a racial minority. As such, Plaintiff fails to state a claim for relief under Section 1981, and this claim is **DISMISSED without prejudice**.

Dismissal is also proper on Plaintiff's EPA claim. The EPA provides, in pertinent part, that "[n]o employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees. . . at a rate less than the rate at which he pays wages to employees of the opposite sex." 29 U.S.C. § 206(d)(1)). However, Plaintiff fails to allege any facts related to her compensation or to wage discrimination on the basis of sex. Accordingly, Plaintiff fails to state a claim for relief under the EPA and this claim is **DISMISSED without prejudice**.

## V. Conclusion

The dismissal of the complaint will not lead to the dismissal of the action at present. Instead, the plaintiff shall have **through February 21, 2019,** in which **to file an amended complaint** relating to those claims not dismissed with prejudice. The Court notes that while the Plaintiff has not officially requested leave to file a First Amended Complaint, leave to amend should "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 687 (7th Cir. 2004). Additionally, "as is the general practice in this circuit, the court will *sua sponte* grant [the] plaintiff leave to file an amended complaint if the court believes [the plaintiff] has a sufficient basis for [her] claims . . . and should [s]he so choose" *Jamison v. Schnider Nat'l Carrier, Inc.*, No. 2:18-CV-120, 2018 WL 1638446, at *2 (N.D. Ind. Apr. 4, 2018).

The amended complaint must (a) contain a short and plain statement of the claim showing that the Plaintiff is entitled to relief, which is sufficient to provide the Defendant with fair notice of the claim and its basis; (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what injury the Plaintiff claims to have suffered and what persons are responsible for each such injury. Any amended complaint should also have the proper case number, No. 1:18-cv-0109-JRS-DML, and the words "Amended Complaint" on the

first page. If no amended complaint is filed with respect to those claims dismissed without prejudice, this action will be dismissed without further notice for the reasons set forth above.

For the foregoing reasons, Plaintiff's ADEA, ADA, and Title VII claims are **DISMISSED with prejudice** and Plaintiff's EPA and Section 1981 claims are **DISMISSED without prejudice** to Plaintiff refiling those claims, provided she can do so consistent with her obligations under Rule 11. If Plaintiff desires to do so in accordance with this order, her amended complaint must be filed by February 21, 2019.

Date: 1/31/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

SO ORDERED.

Distribution:

JANICE D. TAYLOR
3636 Paseo Blvd.
Kansas City, MO 64109

Melissa A. Macchia
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mmacchia@taftlaw.com